IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ALFONSO TORRES,**

        **Petitioner,**

**vs.**                                     **No. CIV 02-0829 MCA/LCS**

**TIM LEMASTER,**

        **Respondent.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Respondent's Motion to Dismiss (Doc. 13), filed September 29, 2002. Petitioner failed to respond to this Motion. The Court has considered Respondent's Motion and Answer, record herein, and relevant law. For the reasons stated, I propose finding that Respondent's Motion to Dismiss is well-taken and I recommend that it be **GRANTED**.

### PROPOSED FINDINGS

    1.    Petitioner, proceeding *pro se* and *in forma pauperis,* brings this action pursuant to 28 U.S.C. § 2241. On September 4, 2002, Petitioner was paroled to a detainer lodged by the United States Immigration and Naturalization Service (INS). (Answer Ex. A.) Prior to his parole, Petitioner was incarcerated pursuant to a Judgment, Sentence and Commitment of the Third Judicial District Court for the County of Doña Ana, State of New Mexico, dated October 16, 2001. (Answer Ex. B.) After he pleaded guilty to aggravated driving under the influence of intoxicating liquor or drugs, driving with a suspended license, no proof of insurance, open container, and failure to display a registration plate, Petitioner was sentenced by the Honorable Stephen Bridgeforth, District Judge, to two and a half years incarceration, with one year suspended, followed by one year on parole. (*Id*.)

Petitioner did not file a direct appeal or state petition for a writ of habeas corpus.

    2.    On November 2, 2001, the New Mexico Corrections Department classified Petitioner at Custody Level II apparently due in part to his INS detainer. (Answer, Exhibit D.) Petitioner filed a Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints on June 10, 2002, (Answer, Exhibit C), but did not challenge his classification administratively.

    3.    Petitioner challenges the increased in his custody level due to the INS detainer and requests that his custody level be reclassified to Level I. Respondent argues that this case should be dismissed as moot and because Petitioner failed to exhaust administrative remedies. Petitioner failed to respond to Respondent's Motion to Dismiss. On November 21, 2002, I ordered Respondent to re-serve Petitioner at his then-current address, the INS Precessing Center in El Paso, Texas. (Doc. 15.) I also ordered Petitioner to respond to the motion to dismiss by December 19, 2002.

    4.    Local Rule D.N.M. LR-Civ. 7.5(b) provides that failure to file a response in opposition to any motion constitutes consent to grant the motion. Pursuant to Local Rule D.N.M. LR-Civ. 7.6(a), Petitioner's response was due October 4, 2002. By my Order of November 21, 2002, Petitioner's response was due by December 19, 2002. To date, Petitioner has failed to file a response to Respondent's Motion. Accordingly, I propose finding that Petitioner consented to dismissal of his claims against Respondent under Local Rule D.N.M. LR-Civ. 7.5(b) by failing to file a response.

    5.    I also find that Respondent's Motion to Dismiss is well-taken and should be granted. A habeas corpus case is moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. *Aragon v. Shanks*, 144 F.3d 690, 691 (1998). Petitioner is no longer incarcerated by the State of New Mexico and has been paroled to an INS detainer. This case is moot

because a favorable decision from this Court would not affect his classification level within the New Mexico corrections system. *See id.* (finding case moot where good time credits would not affect petitioner's probation). Accordingly, this case should be dismissed as moot.

## RECOMMENDED DISPOSITION

I recommend that Respondent's Motion to Dismiss be **GRANTED** and that the Petition be **DISMISSED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**